UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LAURA LONGWELL, <br><br> Plaintiff, <br><br> - against - <br><br> 53RD STREET, INC. <br><br> Defendant. | Docket No. 3:21-cv-601 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Laura Longwell ("Longwell" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendant 53rd Street, Inc. ("53rd Street" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Luckenbach Texas general store, owned and registered by Longwell, a photographer. Accordingly, Longwell seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in Texas and is registered with the Texas Department of State Division of Corporations.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Longwell is a photographer having a usual place of business at 427 Ellerslie Ave, Ambler, PA 19002.

6. Upon information and belief, 53rd Street is a domestic business corporation duly organized and existing under the laws of the State of Texas, with a place of business at 1409 South Lamar Street, Suite 1010, Dallas, TX 75215. Upon information and belief, 53rd Street is registered with the Texas State Department of Corporations to do business in Indiana. At all times material hereto, 53rd Street has owned and operated a website at the URL: www.ShopAcrossTexas.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. Longwell photographed Luckenbach Texas general store (the "Photograph"). A true and correct copy of the Photograph are attached hereto as Exhibit A.

8. Longwell published the photograph on an article on her website with a credit stating "By: Laura Longwell". See: https://traveladdicts.net/luckenbach-texas/. See attached in Exhibit B.

9. Longwell is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-239-644.

**B.     Defendant's Infringing Activities**

11. 53rd Street ran the Photograph on its Website. A screenshot of the Photograph on the Website is attached hereto as Exhibit C.

12. 53rd Street did not license the Photograph from Plaintiff for its Website, nor did 53rd Street have Plaintiff's permission or consent to publish the Photograph on its Website.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
### (17 U.S.C. §§ 106, 501)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. 53rd Street infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. 53rd Street is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by 53rd Street have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, Defendant copied the Photograph for her website and knowingly removed copyright management information identifying Plaintiff as the owner of the Photograph.

20. Defendant's removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

21. The alteration and/or removal of said copyright management information was made by Defendant with reasonable grounds to know that its conduct would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in two of the Photograph.

22. Defendant's conduct violated 17 U.S.C. § 1202(b)(3).

23. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages that he sustained and will sustain, and any gains, profits and advantages obtained as a result of Defendant's violation of 17 U.S.C. § 1202(b), including attorney's fees and costs.

24. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 per violation of 17 U.S.C. § 1202.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant 53rd Street be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Defendant be adjudged to have removed and/or altered copyright management information in violation of 17 U.S.C. § 1202(b)(3).

3. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 per each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Plaintiff be awarded her costs, expenses and attorneys' fees.

7. That Plaintiff be awarded her costs, expenses and attorneys' fees under section 1203(b).

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       March 16, 2021

                                            LIEBOWITZ LAW FIRM, PLLC

                                            By: /s/Richard Liebowitz
                                                Richard P. Liebowitz
                                           11 Sunrise Plaza, Suite 305
                                           Valley Stream, NY 11580
                                           Tel: (516) 233-1660
                                           RL@LiebowitzLawFirm.com

                                           *Attorneys for Plaintiff Laura Longwell*